UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| LAFREDERICK LITTLE, | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | Civil Action 25-cv-10531-IT |
| | * | |
| MASSACHUSETTS DEPARTMENT OF | * | |
| CHILDREN AND FAMILIES, | * | |
| | * | |
| Respondent. | * | |

ORDER

March 25, 2025

TALWANI, D.J.

*Pro se* Petitioner LaFrederick Little ("Petitioner") has filed a Petition for a Writ of

Mandamus [Doc. No. 1] in which he alleges that the Massachusetts Department of Children and

Family Services ("DCF") wrongfully has custody of his children. Petitioner states that he brings

this action under 28 U.S.C. § 1361, 28 U.S.C. § 1651(a), and 42 U.S.C. § 1983. Pet. ¶ 2.

Petitioner has also filed a Motion for Leave to Proceed *in Forma Pauperis* [Doc. No. 2] and an

Emergency Motion for Immediate Review [Doc. No. 3]. For the reasons set forth below, the

Court will GRANT the motion for leave to proceed *in forma pauperis*, DISMISS this action, and

deny as moot the emergency motion.

I.      **Motion for Leave to Proceed *in Forma Pauperis***

Upon review of the Motion for Leave to Proceed *in Forma Pauperis* [Doc. No. 2], the

Court concludes that Petitioner has adequately demonstrated he is without income or assets to

pay the filing fee. Accordingly, the motion is GRANTED.

## II.    <u>Review of the Petition</u>

Because Petitioner is proceeding *in forma pauperis*, the Court may conduct a preliminary review of his Petition and dismiss the pleading if it fails to state a claim upon which relief may be granted. <u>See</u> 28 U.S.C. § 1915(e)(2)(B)(ii). The Court construes Petitioner's pleading liberally because he is proceeding *pro se*. <u>See</u> <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972).

According to Petitioner, his children have been in the custody of DCF since April 27, 2023, when they were taken from Petitioner's home without his permission. Petitioner alleges that, in contravention of his right to due process and M.G.L. ch. 119, § 24, he was not afforded a court hearing concerning DCF's custody of his children within 72 hours of the agency's removal of his children. Petitioner represents that he appeared in court on May 1, 2023, "but the hearing was delayed by the judge, and no order was issued regarding the return of the children." Pet. ¶ 3. According to Petitioner, "[t]he 72-hour hearing did not take place until June 5, 2023, well beyond the statutory deadline." <u>Id.</u> Petitioner alleges that "[d]espite filing motions to dismiss due to these due process violations, the Worcester Juvenile Court refused to act, allowing DCF to continue holding Petitioner's children without lawful justification." <u>Id.</u> Petitioner asserts that he "has no other adequate remedy except mandamus because the Worcester Juvenile Court has refused to rule on this issue." <u>Id.</u> ¶ 4.

Petitioner asks this Court to "Issue a Writ of Mandamus compelling DCF to immediately return Petitioner's children," and "[d]eclare that DCF's continued custody of the children is unlawful due to due process violations." <u>Id.</u> ¶ 5.

Petitioner has failed to state a claim upon which relief may be granted. Petitioner seeks relief under 42 U.S.C. § 1983, which provides that a "person" acting under the color of state law who deprives an individual of their federal rights "shall be liable to the party injured." 42 U.S.C.

§ 1983. However, in this context, a state is not a "person" subject to suit under this statute. <u>See</u> <u>Will v. Mich. Dep't of State Police</u>, 491 U.S. 58, 71 (1989).

DCF is not otherwise subject to suit under the alleged facts because of the sovereign immunity of the Commonwealth of Massachusetts. Pursuant to the Eleventh Amendment to the United Status Constitution, a state (including its agencies, such as DCF) has immunity from suit in a federal court unless (1) the state has waived its immunity; or (2) Congress has abrogated the state's immunity. <u>See</u> <u>Va. Off. for Protection & Advoc. v. Stewart</u>, 563 U.S. 247, 253-54 (2011). Here, Massachusetts has not waived, nor has Congress abrogated, the state's Eleventh Amendment immunity with regard to Petitioner's claims.

The federal mandamus statute invoked by Petitioner allows a federal district court to exercise jurisdiction over an action "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. However, this statute is inapplicable to this action because DCF is a state agency, not an agency of the United States. Although the federal All Writs Act provides that federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions," 28 U.S.C. § 1651(a), the statute itself is not a "font of jurisdiction," <u>United States v. Denedo</u>, 556 U.S. 904, 913 (2009). Where, as here, there is no underlying claim over which a federal court may exercise its jurisdiction, 28 U.S.C. § 1651(a) has no relevance. <u>See</u> <u>id.</u> at 911 ("As the text of the All Writs Act recognizes, a court's power to issue any form of relief—extraordinary or otherwise—is contingent on that court's subject-matter jurisdiction over the case or controversy.").

## III.   <u>Conclusion</u>

In accordance with the foregoing, the Court hereby orders:

1.      The <u>Motion for Leave to Proceed *in Forma Pauperis*</u> [Doc. No. 2] is GRANTED.

2.      This action is DISMISSED for failure to state a claim upon which relief may be

granted.

3.      The Emergency Motion for Immediate Review [Doc. No. 3] is DENIED as moot.

IT IS SO ORDERED.

                                                /s/ Indira Talwani
                                                United States District Judge

Dated: March 25, 2025